# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MICHALSKI, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-03966-EEB |
| Plaintiff, | CLASS ACTION |
| v. | Honorable Elaine E. Bucklo |
| WEBER INC., CHRISTOPHER SCHERZINGER, WILLIAM HORTON, MARLA KILPATRICK, KELLY D. RAINKO, ELLIOTT HILL, MARTIN MCCOURT, MELINDA R. RICH, JAMES C. STEPHEN, GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., J.P. MORGAN SECURITIES LLC, BMO CAPITAL MARKETS CORP., CITIGROUP GLOBAL MARKETS INC., UBS SECURITIES LLC, WELLS FARGO SECURITIES, LLC, KEYBANC CAPITAL MARKETS INC., ACADEMY SECURITIES, INC., CABRERA CAPITAL MARKETS LLC, SIEBERT WILLIAMS SHANK & CO., LLC, and TELSEY ADVISORY GROUP LLC, | |
| Defendants. | |

# MATEUSZ GRUDZIAZ'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR LEAD PLAINTIFF

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................... 1

II.     ARGUMENT ..................................................................................................... 3

     A.     The PSLRA Process ................................................................................. 3

           1.     Mr. Grudziaz Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors. ............................................................... 3

           2.     Mr. Grudziaz Meets the Typicality and Adequacy Requirements of Rule 23. ........ 5

     B.     No Proof Exists to Rebut the Presumption in Favor of Mr. Grudziaz's Appointment as Lead Plaintiff. ..................................................................... 6

III.    CONCLUSION ................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Bang v. Acura Pharm., Inc.,*
   No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550 (N.D. Ill. Jan. 11, 2011) ...................................... 7

*In re Bally Total Fitness Sec. Litig.,*
   No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005)................................... 4

*In re Boeing Co. Aircraft Sec. Litig.,*
   No. 19 CV 2394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019)....................................... 6

*In re Cendant Corp. Litig.,*
   264 F.3d 201 (3d Cir. 2001) ...................................................................................................... 7

*Chandler v. Ulta Beauty, Inc.,*
   No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018) ........................... 1, 4

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.,*
   No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012) .............................. 1, 4

*In re Groupon Sec. Litig.,*
   No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012) ............................... 5

*In re HEXO Corp. Sec. Litig.,*
   2020 U.S. Dist. LEXIS 166312 (S.D.N.Y. Sep. 11, 2020) ........................................................ 6

*Kuebler v. Vectren Corp.,*
   No. 3:18-cv-00113-RLY-MPB, 2018 U.S. Dist. LEXIS 153360 (S.D. Ind. Aug. 10, 2018) ..... 7

*Lax v. First Merch. Acceptance Corp.,*
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997)....................................................... 1, 4

*Mayo v. Apropos Tech., Inc.,*
   No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924 (N.D. Ill. Feb. 6, 2002) ...................................... 1

*Retired Chi. Police Ass'n v. City of Chi.,*
   7 F.3d 584 (7th Cir. 1993)......................................................................................................... 6

*Sokolow v. LJM Funds Mgmt.,*
   No. 18-cv-01039, 2018 U.S. Dist. LEXIS 107339 (N.D. Ill. June 26, 2018) ........................... 7

*Takara Tr. v. Molex Inc.,*
   229 F.R.D. 577 (N.D. Ill. 2005) ............................................................................................ 5, 6

**Statutes**

15 U.S.C. § 77z-1.............................................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

## I.     PRELIMINARY STATEMENT

The Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 77z-1) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, that movant Mateusz Grudziaz's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii). Mr. Grudziaz has, by far, the largest financial interest under the four factors "[m]ost courts consider," which are: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." (the "*Olsten/Lax* factors"). *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 U.S. Dist. LEXIS 107340, at *7 (N.D. Ill. June 26, 2018) quoting *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081, at *10-11 (N.D. Ill. Apr. 18, 2012); *see also Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997); *Mayo v. Apropos Tech., Inc.,* No. 01 C 8406, 2002 U.S. Dist. LEXIS 1924, at *10 (N.D. Ill. Feb. 6, 2002). As demonstrated in the table below, pursuant to the widely accepted *Olsten/Lax* factors, Mr. Grudziaz's financial interest is larger than any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Mateusz Grudziaz | 75,299 | 58,005 | $1,161,715.86 | $ 792,224.01 |
| | | | | |
| Micah Marshall | 18,206.509 | 18,206.509 | $310,003 | $137,095.00 |
| | | | | |
| Brandon McLendon | 3,335 | 0 | $46,469 | $26,048.27 |
| | | | | |
| James A. Seiple | 3,000 | 3,000 | $42,000 | $22,320.00 |

*See* ECF Nos. 5-3, 10-2, 16-3, and 20-1.

In addition to having the "largest financial interest" in the litigation, Mr. Grudziaz is typical of his fellow class members and certainly meets the adequacy requirements under Federal Rule of Civil Procedure 23(a). Mr. Grudziaz is typical of the other class members insofar as he purchased Weber Inc. ("Weber" or the "Company") securities pursuant and/or traceable to the August 2021 initial public offering ("IPO") and was damaged in the same manner as all other class members. Mateusz Grudziaz Certification, ECF. No. 10-1, p. 3-5. He does not have any interests adverse to the class and, as demonstrated in his declaration accompanying his motion, he is committed to obtaining the best possible outcome for the class. *See* ECF No. 10-4.

With the largest financial interest in the outcome of the action and having made the preliminary showing of typicality and adequacy, Mr. Grudziaz is entitled to the presumption of being the "most adequate plaintiff." 15 U.S.C. § 77z-1(a)(3)(B)(iii). As none of the competing movants can rebut this presumption with proof that Mr. Grudziaz is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Grudziaz respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

2

## II.  ARGUMENT

### A.  The PSLRA Process

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1). Following the required notice announcing the class action, class members interested in serving as lead plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 77z-1(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

### 1. Mr. Grudziaz Possesses the "Largest Financial Interest" of Any Movant Under Each of the Olsten/Lax Factors.

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Mr. Grudziaz is entitled to that presumption because, relative to the other movants, Mr. Grudziaz's losses are far greater. When evaluating "financial interest" at the lead plaintiff stage, "[m]ost courts consider: "(1) the total number of shares purchased during

3

the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *Chandler,* 2018 U.S. Dist. LEXIS 107340, at *7 (quoting *City of Sterling Heights Gen. Emples. Ret. Sys.,* No. 11 C 8332, 2012 U.S. Dist. LEXIS 54081, at *10-11 (citing *Lax*, 1997 U.S. Dist. LEXIS 11866, at *5).

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Mateusz Grudziaz** | 75,299 | 58,005 | $1,161,715.86 | $ 792,224.01 |
| | | | | |
| **Micah Marshall** | 18,206.509 | 18,206.509 | $310,003 | $137,095.00 |
| | | | | |
| **Brandon McLendon** | 3,335 | 0 | $46,469 | $26,048.27 |
| | | | | |
| **James A. Seiple** | 3,000 | 3,000 | $42,000 | $22,320.00 |

*See* ECF Nos. 5-3, 10-2, 16-3, and 20-1.[1]

"The best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness Sec. Litig.,* No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *14 (N.D. Ill. Mar. 15, 2005). *See Takara Tr. v. Molex Inc.,* 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses."). In this instance, that movant is Mr. Grudziaz. Mr. Grudziaz has a significantly greater financial interest under all four *Olsten/Lax* factors when evaluating each movants' financial interest. None of the other movants even come close to matching Mr. Grudziaz's "approximate loss suffered". Mr. Grudziaz has over $650,000 more in losses as compared to Micah Marshall, the movant with

---

[1] Movants Micah Marshall and James Seiple have since withdrawn their motions and/or indicated that they do not oppose Mr. Grudziaz's motion. *See* Dkt. Nos. 34 (Seiple); 36 (Marshall).

4

the second largest financial interest in the litigation. With over $792,000 in losses, there can be no dispute that Mr. Grudziaz holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B).

**2. Mr. Grudziaz Meets the Typicality and Adequacy Requirements of Rule 23.**

In addition to possessing the largest financial interest, Mr. Grudziaz satisfies the adequacy and typicality requirements of Rule 23. At the lead plaintiff stage of the litigation, "[a] lead plaintiff must also make a preliminary showing that [he] satisfies [the] typicality and adequacy requirements of Rule 23." *In re Groupon Sec. Litig.,* No. 12 C 2450, 2012 U.S. Dist. LEXIS 123899, at *9 (N.D. Ill. Aug. 28, 2012). "A lead plaintiff's claims can be considered typical if they arise out of the 'same event or practice or course of conduct that gives rise to the claims of other class members and . . . [his] claims are based on the same legal theory." *Id*. at *10 (quoting *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005)). Mr. Grudziaz's claims are typical of those of other Class members because, like other Class members, he purchased Weber securities pursuant and/or traceable to its initial public offering. *See* ECF No. 10-1 (certification evidencing transactions in Weber stock). Moreover, Mr. Grudziaz's claims are based on the same legal theory and arise from the same events and course of conduct as the Class' claims. Mr. Grudziaz is, and will be, pursuing the same theory of liability as all other Class Members. *See* Memorandum in Support of Motion, Dkt. No. 9, p. 6.

In addition to meeting the "typicality" requirements under Rule 23, Mr. Grudziaz also makes the necessary *prima facie* showing of "adequacy." To satisfy the adequacy requirement at this stage of the proceedings, Mr. Grudziaz must make a preliminary showing that he "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is

met if the lead plaintiff is represented by adequate counsel and has no claims that conflict with or are antagonistic to the class." *Takara Tr.,* 229 F.R.D. 577, 580 (citing *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 598 (7th Cir. 1993)). Mr. Grudziaz is more than qualified to serve as lead plaintiff. He has a professional background with a law degree in Poland where he studied at the University of Warsaw. Declaration of Mateusz Grudziaz, ECF. No. 10-4, ¶2. He is currently employed as a small business owner, owning a logistics company involved in tractor-trailer shipping. *Id*. He has been investing in securities for several years and has experience hiring and overseeing attorneys for immigration and other matters as well. *Id*. Likewise, Mr. Grudziaz's certification pursuant to the federal securities laws, declaration detailing his motivation and intention to oversee this litigation, and selection of experienced and capable counsel in Levi & Korsinsky, LLP and Lubin Austermuehle, P.C. demonstrate that Mr. Grudziaz will adequately represent the interests of the proposed class. Accordingly, Mr. Grudziaz has made a preliminary showing that he satisfies the adequacy and typicality requirements of Rule 23.[2]

As Mr. Grudziaz has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, he is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### B. No Proof Exists to Rebut the Presumption in Favor of Mr. Grudziaz's Appointment as Lead Plaintiff.

Importantly, because Mr. Grudziaz has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Mr. Grudziaz as Lead Plaintiff can only be

---

[2] Notably, Mr. McLendon, the only other competing movant remaining, has not provided any information to demonstrate his adequacy under Rule 23. Other courts have held that a movant's failure to provide such information is dispositive. *See*, *e.g.*, *In re Boeing Co. Aircraft Sec. Litig.,* No. 19 CV 2394, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019), reconsideration denied, No. 19-cv-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) ("[A] movant must supply some information about its ability to perform the role of lead plaintiff diligently and effectively"); *In re HEXO Corp. Sec. Litig.*, 2020 U.S. Dist. LEXIS 166312, at *3-5 (S.D.N.Y. Sep. 11, 2020).

rebutted with "proof" that Mr. Grudziaz is somehow atypical or inadequate. 15 U.S.C. § 77z-4(a)(3)(B)(iii)(II); *see also Bang v. Acura Pharm., Inc.,* No. 10 C 5757, 2011 U.S. Dist. LEXIS 2550, at *13 (N.D. Ill. Jan. 11, 2011) ("[T]he PSLRA provides for th[e lead plaintiff] presumption to be 'rebutted only upon proof'"). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a []fair and adequate[] job." *Kuebler v. Vectren Corp.*, No. 3:18-cv-00113-RLY-MPB, 2018 U.S. Dist. LEXIS 153360, at *12-13 (S.D. Ind. Aug. 10, 2018) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001)). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *Sokolow v. LJM Funds Mgmt.,* No. 18-cv-01039, 2018 U.S. Dist. LEXIS 107339, at *26 (N.D. Ill. June 26, 2018). No such proof exists here. Mr. Grudziaz has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Grudziaz is both typical and adequate and his Motion should be granted in its entirety.

### III.     CONCLUSION

For the foregoing reasons, Mr. Grudziaz respectfully requests that the Court grant his Motion and enter an Order: (1) appointing him as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel and Lubin Austermuehle as Liaison Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: October 20, 2022                    Respectfully Submitted,

**LUBIN AUSTERMUEHLE, P.C.**

/s/ *Peter S. Lubin*
Peter S. Lubin
Patrick D. Austermuehle

7

Lubin Austermuehle, P.C.
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
Tel: (630) 333-0333
Email: peter@l-a.law
Email: patrick@l-a.law

*Liaison Counsel for Movant and [Proposed]*
*Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam A. Apton*
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
*\*pro hac vice to be submitted*

*Counsel for Movant and [Proposed] Lead Counsel*
*for the Class*

8