UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MICHALSKI, Individually and On Behalf of All Others Similarly Situated, <br><br>  Plaintiff, <br><br>  v. <br><br> WEBER INC., CHRISTOPHER SCHERZINGER, WILLIAM HORTON, MARLA KILPATRICK, KELLY D. RAINKO, ELLIOTT HILL, MARTIN MCCOURT, MELINDA R. RICH, JAMES C. STEPHEN, GOLDMAN SACHS & CO. LLC, BOFA SECURITIES, INC., J.P. MORGAN SECURITIES LLC, BMO CAPITAL MARKETS CORP., CITIGROUP GLOBAL MARKETS INC., UBS SECURITIES LLC, WELLS FARGO SECURITIES, LLC, KEYBANC CAPITAL MARKETS INC., ACADEMY SECURITIES, INC., CABRERA CAPITAL MARKETS LLC, SIEBERT WILLIAMS SHANK & CO., LLC, and TELSEY ADVISORY GROUP LLC, <br><br>  Defendants. | Case No. 1:21-cv-03966-EEB <br><br> CLASS ACTION <br><br> Honorable Elaine E. Bucklo |

**ORDER GRANTING MOTION OF MATEUSZ GRUDZIAZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Having considered the papers filed in support of the Motion of Mateusz Grudziaz ("Movant") for Appointment as Lead Plaintiff and Approval of Selection of Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), and for good cause shown, the Court hereby ORDERS as follows:

I.  **APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

1. Movant has moved this Court to be appointed as Lead Plaintiff in the Action and to

approve the counsel he retained to serve as Lead Counsel and Liaison Counsel.

2. Having considered the provisions of Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), the Court hereby determines that Movant is the most adequate plaintiff and satisfies the requirements of the PSLRA. The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the class.

3. Pursuant to Section 27(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 77z-1(a)(3)(B)(v), Movant has selected and retained the law firms of Levi & Korsinsky, LLP to serve as Lead Counsel and Lubin Austermuehle, P.C. to serve as Liaison Counsel. The Court approves Movant's selection of Lead Counsel and Liaison Counsel.

4. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

   a. to coordinate the briefing and argument of any and all motions;

   b. to coordinate the conduct of any and all discovery proceedings;

   c. to coordinate the examination of any and all witnesses in depositions;

   d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

   e. to call meetings of the plaintiffs' counsel as he deems necessary and appropriate from time to time;

   f. to coordinate all settlement negotiations with counsel for defendants;

   g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

   h. to coordinate the preparation and filings of all pleadings; and

      i. to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action.

5. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel.

6. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

7. Lead Counsel shall be the contact between plaintiff's counsel and defendants' counsel, as well as the spokespersons for all plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel. Lead Counsel shall be the contact between the Court and plaintiff and his counsel.

## II. NEWLY FILED OR TRANSFERRED ACTIONS

8. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry on the docket for this action.

9. Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply

thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

10. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

DATED: 11/29/2022

HONORABLE ELAINE E. BUCKLO
UNITED STATES DISTRICT COURT JUDGE